Charles Kastler, Appellee, v. William Logg, Appellant.

Gen. No. 5446.

1. LANDLORD AND TENANT—*what tends to establish eviction.* Acts by the landlord, to constitute eviction, must clearly indicate an intention on the part of the landlord that the tenant shall no longer continue to hold the premises.

2. LANDLORD AND TENANT—*what evidence tends to establish eviction.* Evidence that the landlord ordered a tenant to keep off the premises and threatened to shoot him if he did not keep off, tends to establish an eviction.

Action commenced before justice of the peace. Appeal from the Circuit Court of Lee county; the Hon. R. S. FARRAND, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

JOHN E. ERWIN, for appellant.

No appearance for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Kastler, a tenant, sued Logg, his landlord, before a justice and had a judgment for $99 and on an appeal to the Circuit Court had a verdict and judgment against Logg for $86.50 from which Logg appeals.

Appellee put in corn on a certain field owned by appellant for which appellant furnished the seed corn and each was to have one-half of the corn raised; and appellee put in certain oats on land of appellant for which appellant furnished the seed oats and appellant was to have three-fifths and appellee two-fifths of the oats raised; and appellee claims that he was to have one-half of the straw, while appellant claims that he was to have all the straw. Appellee did not harvest the corn nor receive the straw, and he claims this was because appellant ordered appellee off the premises

before the time came for harvesting the corn and re-
ceiving the straw, and that appellant told appellee
that he would shoot him if he came upon the premises
again. Appellee offered proof tending to show that
appellant harvested the corn and kept it. Appellant
offered proof tending to show that he did not harvest
any corn on this place, and that there was no corn
there of any value because it was a wet season and
wet land and it was not properly cultivated by appel-
lee. Appellee also claimed that appellant requested
him to deliver milk daily to an imbecile sister of ap-
pellant, who lived in a small house near appellee, and
that appellant promised appellee that he would pay him
therefor, and that appellee delivered to said sister a
quart of milk on each of 480 consecutive days, for
which he had not been paid. There was proof of the
value of the corn, straw and milk, and, at the figures
proved by appellee, the claim, if valid, would consider-
ably exceed the judgment.

Appellee testified that appellant, prior to corn-husk-
ing time, ordered him off the premises and told appel-
lee that he would shoot him if he ever set foot on them
again; that appellant had a gun and that appellee
feared that apellant would shoot him, and that there-
upon he went upon the premises no more. Appellant
admitted a quarrel with appellee at the time men-
tioned, but denied that he ordered appellee to keep off
or threatened to shoot him. It was for the jury to
say which should be believed. Appellant contends
that if he did so state, it could not justify the tenant
in abandoning the premises. The rule is that acts by
the landlord, to constitute eviction, must clearly indi-
cate an intention on the part of the landlord that the
tenant shall no longer continue to hold the premises.
Morris v. Tillson, 81 Ill. 607. The jury were warranted
in finding that appellee's testimony, if believed by the
jury, proved an eviction. The apparent preponder-
ance of the evidence is that appellant did gather the

corn. He retained all the straw. The testimony on these subjects, introduced by appellee, authorized a recovery. The contract for the milk was sworn to by appellee and denied by appellant. Its delivery was proved by several witnesses. Appellant proved that about a year after the last milk was delivered he paid appellee $1.50 and prepared a receipt that this was in full to date, and that appellee signed it. From this he argues that appellee at that time was making no claim for pay for the milk. It was shown that this $1.50 was for work appellee had done for appellant, and it was for the jury to say what was the effect of the receipt. The jury and the trial judge have found all the facts against appellant, and there is no state of the evidence presented which would warrant our disturbing that conclusion.

Appellee's first instruction was as to the effect of the receipt as evidence of payment, and appellee's second instruction was that on the plea of payment the burden was on the appellant to establish the payment by a preponderance of the evidence. The bill of exceptions contains the statement made by counsel for each party before the introduction of the testimony as to the cause of action and ground of defense, and appellant's counsel then stated that it was not claimed that the receipt was given upon payment for the milk; and it is argued that therefore payment was not an issue, and these instructions should therefore not have been given. But this ignores the testimony of appellant that the receipt about a year after the delivery of the milk covered all dealings up to that date in full, and that they settled in full up to that time. After that testimony had been introduced by appellant these instructions were proper. The first instruction for appellee improperly used the words "extra work," but as both sides testified that all extra work had been paid for, we are of opinion that the use of these words did not harm appellant. Appellant asked an instruction that the

burden of proof was on appellee and that it was for him to prove his case by a preponderance of the evidence, and that if the evidence was evenly balanced or preponderated in favor of appellant, then appellee could not recover and they should find for appellant. The court modified this by inserting the words "in the first instance" making it read that the burden of proof in the first instance was upon the appellee, etc. We do not think that appellant was prejudiced by this modification. The jury were not told that the burden shifted. In making the modification the court no doubt had in mind that while the plaintiff had the burden of proving his case, yet if appellant claimed as he testified that at the time of the receipt they settled in full and that that payment covered all dealings up to that date, the burden of proving that defense was upon him. We find no error of law in the record.

The judgment is therefore affirmed.

*Affirmed.*